CARRIE L. McLEAN, ADMINISTRATRIX OF ESTATE OF ESSIE JACKSON, DECEASED (SUBSTITUTED PLAINTIFF FOR ESSIE JACKSON, ORIGINAL PLAINTIFF, NOW DECEASED), v. GEORGE F. SCHEIBER AND ROBERT PEARSON.

(Filed 24 November, 1937.)

**Evidence § 29—**

> The record of the testimony of a plaintiff in a former action against defendants is incompetent in a subsequent action brought by another plaintiff who was not a party to the former action, even though the actions arise out of the same automobile accident, since the present plaintiff had no opportunity to cross-examine the plaintiff in the former action.

APPEAL by defendant Scheiber from *Rousseau, J.,* at May Term, 1937, of MECKLENBURG. No error.

This was an action to recover for medical and hospital expenses incurred and for lost services of the minor son of plaintiff's intestate, alleged to have resulted from the negligence of the defendant in the operation of an automobile. Robert Pearson was not served with summons.

The jury answered the issues in favor of the plaintiff, and from judgment on the verdict defendant Scheiber appealed.

*C. H. Gover, William T. Covington, Jr., and Hugh L. Lobdell for plaintiff.*
*Robinson & Jones for defendant.*

PER CURIAM. The principal question presented by the appeal was as to the admissibility of the transcript of the testimony of the son of plaintiff's intestate taken in another action, in which the son was plaintiff in a suit against these same defendants for damages for personal injury suffered by him on the identical occasion here alleged (*Jackson v. Scheiber,* 209 N. C., 441, 184 S. E., 17). It appeared that in the

other case the plaintiff's intestate, Essie Jackson, was not a party, and in the trial in which the son's testimony was taken had no right or opportunity to cross-examine him. The rule was laid down in *Hartis v. Electric R. R.*, 162 N. C., 236, 78 S. E., 164, that the admissibility of evidence taken in another case depends upon the identity of the question being investigated and upon the opportunity of the party against whom the evidence is offered to cross-examine. For that reason it would seem that the ruling of the court below must be sustained.

We have examined the other exceptions noted by appellant, and find in them no substantial merit.

In the trial we find

No error.