JAMES A. PARRISH v. DAVID C. BRYANT AND GIBSONVILLE DEVELOP-
MENT COMPANY, A CORPORATION, T/A ROCK CREEK DAIRY.

(Filed 25 February, 1953.)

1. **Evidence § 29—**

    Where plaintiff fails to show the identity of the issues in his case with
    those of a former criminal prosecution against the same defendant, tran-
    script of the testimony in the criminal proceeding is properly excluded,
    the question of the identity of the issues being a preliminary question to
    be decided by the court before any evidence at a former trial is competent.

2. **Automobiles §§ 8d, 18i—Evidence held not to invoke proviso of G.S.
    20-161.**

    Plaintiff was sitting in his vehicle, which defendants' evidence tended to
    show was parked some eighteen inches on the hard surface on its right side
    of the highway. Defendant driver, while traveling in the opposite direc-
    tion, turned to his left and struck the parked vehicle in an attempt to
    avoid hitting a pedestrian who darted across the highway from back of
    plaintiff's car. The issue of contributory negligence was submitted to the
    jury on defendants' contention that plaintiff's car was parked on the high-
    way in violation of G.S. 20-161. *Held:* Upon evidence tending to show that
    at least twenty-four feet of the hard surface was unobstructed to the left
    of plaintiff's car and that a clear view of plaintiff's car was obtainable for
    more than two hundred feet, the court was not required to charge upon
    the proviso of G.S. 20-161, and failure to charge on the proviso could not
    have been hurtful to plaintiff.

3. **Same—**

    Where defendants' evidence tends to show that plaintiff's vehicle was
    standing partly on the hard surface, and plaintiff's own evidence tends to
    show that it was "parked," plaintiff may not object to the failure of the
    court to charge on the distinction between parking and a momentary stop,
    there being no evidence raising the question upon the theory of trial.

4. **Appeal and Error § 8—**

    An appeal will be determined in accordance with the theory of trial in
    the lower court.

PARKER, J., having presided in the court below, took no part in the considera-
tion or decision of this case.

APPEAL by plaintiff from *Parker, J.,* and a jury, March Term, 1952,
of ALAMANCE. No error.

Civil action to recover damages for personal injuries resulting from a
collision of two motor vehicles.

The collision occurred at about 2:00 o'clock in the afternoon of 22
February, 1949. The defendant David C. Bryant was driving a milk
truck of the corporate defendant in an easterly direction on U. S. High-
way No. 70 near Burlington, North Carolina. At that time the plaintiff
was driving a Studebaker automobile on the same highway in the oppo-

site direction; but before meeting the defendant Bryant, the plaintiff parked the Studebaker on his right hand side of the highway, at a point just west of a much traveled intersection. The plaintiff then got out of the Studebaker and climbed into the back seat. His companion, a man named Shepherd, got out of the Studebaker on the right side and moved back toward its rear end. The hard-surfaced portion of the highway at that point was about 26 feet wide, slightly down hill, but straight for some considerable distance each way. When the truck driven by the defendant Bryant was about 200 yards away, he saw the Studebaker parked on his left side of the highway, facing him. When the truck was within some 20 or 30 feet of the Studebaker, a man suddenly darted from behind it across the highway toward the path of the truck. Bryant, in an effort to avoid hitting the man, swerved his truck to the left, across the center line of the highway to near the edge of the pavement, and ran into the Studebaker, injuring the plaintiff, who was seated therein:

The defendants offered evidence tending to show that the Studebaker was parked from 18 inches to 2 feet on the paved, main-traveled portion of the highway; whereas, the plaintiff's evidence indicates that the car was parked several feet off the pavement in a driveway.

The case was tried upon issues of negligence and contributory negligence, both of which were answered by the jury in the affirmative. The issue of contributory negligence was grounded on the theory that the plaintiff in parking his car on the main-traveled portion of the highway in violation of G.S. 20-161 thereby proximately contributed to his own injury.

From judgment entered on the verdict, denying the plaintiff recovery, he appeals, assigning errors which relate (1) to the exclusion of evidence and (2) to the charge of the court.

*H. Clay Hemric and Long & Long for plaintiff, appellant.*
*Sanders & Holt and Cooper & Cooper for defendants, appellees.*

JOHNSON, J. The plaintiff stresses his exception to the refusal of the court to permit him to offer in evidence a transcript of the sworn testimony of S. T. Mullen, a State Highway patrolman, as given in the trial of the criminal case of State v. David C. Bryant in the Burlington Municipal Recorder's Court on 20 December, 1950. This testimony was taken at the trial of the criminal case by a court reporter, and in the instant trial below it was stipulated by the defendants that the transcript of the evidence was authentic and correct, and that if the court reporter were present she would so identify the transcript. Also, it had previously been testified by Lt. C. L. Willard, of the State Highway Patrol, that witness Mullen was no longer with the Highway Patrol, but at the time

of the trial was in Atlanta, Georgia. It was further shown that one of the defendants in the present case was the identical defendant in the previous criminal case, and that the other defendant in the present case was the employer of the individual defendant, and further that in the trial of the criminal case the witness Mullen was cross-examined on behalf of the defendant Bryant by his attorney, who represents both defendants in the present case. The plaintiff, on the basis of these circumstances, insists that the transcript of Mullen's former testimony should have been received in evidence.

This evidence was properly excluded. It is subject to challenge on a number of grounds, one of which is failure to show identity of issues.

One of the cardinal rules governing the admissibility of testimony given at a former trial is that it must be made to appear that the issues in the former action were substantially the same as in the pending action, the theory being that unless the issues were the same, the cross-examination would not have been directed to the same material points of investigation, and necessarily could not have been an adequate test for exposing testimonial inaccuracies. Wigmore on Evidence, Third Ed., Vol. 5, Sections 1386 and 1387; 31 C.J.S., Evidence, Sec. 385. See also *Bank v. Motor Co.,* 216 N.C. 432, 5 S.E. 2d 318; *McLean v. Scheiber,* 212 N.C. 544, 193 S.E. 708; Stansbury, North Carolina Law of Evidence, Sec. 145; 20 Am. Jur., Evidence, Sec. 694; Annotation: 46 A.L.R. 463; Wigmore on Evidence, Third Ed., Vol. 5, Sec. 1404; *Smith v. Moore,* 149 N.C. 185, 62 S.E. 892; *Cf. Settee v. R. R.,* 171 N.C. 440, 88 S.E. 734; *Dupree v. Va. Home Ins. Co.,* 92 N.C. 417.

This question of identity of issues is a preliminary one to be decided by the court from the record of the former trial. 20 Am. Jur., Evidence, Sec. 691.

The record here reflects no such preliminary determination. The question whether as against the defendant Bryant, who is presently charged with the negligent violation of several highway safety statutes, the issues in the criminal case were the same as in the present civil action, rests entirely in conjecture. Whereas, it is noted that one of the crucial issues involved in the present civil action is the issue of contributory negligence, based on allegations that the plaintiff violated G.S. 20-161 by parking on the main-traveled portion of the highway. Certainly, this question was not directly in issue in the former criminal action against Bryant.

For this failure to show identity of issues, the proffered evidence was properly excluded.

Next, the plaintiff assigns as error the charge of the court in reference to G.S. 20-161, which prohibits the parking of an automobile "upon a pavement or improved or main-traveled portion of any highway outside

of a business or residential district when it is practicable to park . . . off
. . . the pavement. . . ."

Here the plaintiff insists that the court erred in failing to charge the
jury in reference to the proviso contained in the statute which provides
in effect that in no event shall a vehicle be left unattended on the main-
traveled portion of a highway unless a clear width of at least 15 feet be
left open for travel opposite the vehicle, nor unless a clear view of the
vehicle may be obtained from a distance of 200 feet in both directions.

As to this contention, it is enough to say that no phase of the evidence
brought into operation the provisions of the proviso of this statute; and
the case was not tried on that theory. All the evidence tends to show
that the highway at the place of collision was 26 feet wide and a clear
view at that point was obtainable from the west for more than 200 feet.
The testimony to the effect that the Studebaker car was parked on the
pavement placed it thereon for distances varying from 18 inches to 2 feet,
thus leaving at least 24 feet of the main-traveled portion of the highway
open for the passage of other vehicles. Besides, if it should be conceded
that the proviso was applicable, on this record it is not perceived how a
failure to charge thereon would have been hurtful to the plaintiff. The
omission, it would seem, would have been helpful to him. At any rate,
the exception is without merit. It is overruled.

We come now to the exceptive assignments of error based on the failure
of the trial court to point out and explain to the jury the difference be-
tween a momentary stop and the "parking and leaving standing" of a
vehicle.

Here, again, the plaintiff's contention runs contrary to the theory of
the trial. The record discloses that the case was tried wholly on the
theory of whether the Studebaker car was parked on or off the main-
traveled portion of the highway. The plaintiff alleged and contended
that his car was entirely off the pavement and in a driveway leading to
a service station; whereas, the defendants contended the car was left on
the pavement. The record reflects nothing tending to show that the plain-
tiff claimed exemption from the statute (G.S. 20-161) under the doctrine
of momentary stoppage, as explained by *Barnhill, J.,* in *Peoples v. Fulk,*
220 N.C. 635, 18 S.E. 2d 147.

To the contrary, the record discloses that the plaintiff several times in
his pleadings refers to his car as having been parked; and his witnesses
made numerous similar references.

The theory upon which a case is tried in the lower court must prevail
in considering the appeal and interpreting the record and determining
the validity of the exceptions. *Thrift Corp. v. Guthrie,* 227 N.C. 431,
42 S.E. 2d 601; *Hinson v. Shugart,* 224 N.C. 207, 29 S.E. 2d 694. As
stated by *Brogden, J.,* in *Weil v. Herring,* 207 N.C. 6, p. 10, 175 S.E.

836, ". . . the law does not permit parties to swap horses between courts in order to get a better mount in the Supreme Court."

The rest of plaintiff's exceptive assignments have been examined. They are without merit. Error has not been made to appear. The verdict and judgment will be upheld.

No error.

PARKER, J., having presided in the court below, took no part in the consideration or decision of this case.