STATE OF NORTH CAROLINA, EX REL. GLAMORGAN PIPE & FOUNDRY COMPANY, A CORPORATION, AND ALL OTHER CREDITORS OF THE ESTATE OF K. R. BENFIELD, DECEASED, WHO DESIRE TO JOIN IN THE PROSECUTION OF THIS ACTION AND CONTRIBUTE TO THE COSTS HEREOF, RELATORS, AND GLAMORGAN PIPE & FOUNDRY COMPANY, A CORPORATION V. MARGARET S. BENFIELD, ADMINISTRATRIX OF THE ESTATE OF K. R. BENFIELD, DECEASED, AND THE PHOENIX INSURANCE COMPANY, A CORPORATION.

(Filed 14 January, 1966.)

1. **Actions § 2; Process § 13—**

Motion to dismiss on the ground that plaintiff is a foreign corporation which had transacted business in this State without being domesticated must be determined prior to trial, since the motion challenges the authority of the court to proceed. G.S. 55-154(a).

2. **Same; Appeal and Error § 55—**

Where, upon defendants' motion, the court dismisses the action under G.S. 55-154(a), upon the court's conclusion that plaintiff is a nonresident

corporation that has transacted business here without being domesticated, the cause must be remanded, since the court must find the specific facts supporting its conclusion, notwithstanding the court denominates the conclusion a finding of fact.

APPEAL by plaintiff from *Latham, Special Judge,* First February Assigned Civil Session 1965 of WAKE.

Glamorgan Pipe & Foundry Company, a Virginia corporation, herein referred to as plaintiff, instituted this civil action against the administratrix of the estate of K. R. Benfield (Benfield) and the surety on her administration bond.

Plaintiff alleges it sold and delivered certain pipe and fittings to Benfield on or about April 16, 1959; that Benfield was indebted to plaintiff therefor in the amount of $1,778.06 plus interest at the time of his death on December 26, 1959; that plaintiff's claim therefor, which was duly filed with defendant administratrix, remains unpaid; and that, on account of the failure of defendant administratrix in specified particulars to administer the estate of Benfield in accordance with law, defendants are liable to plaintiff for the amount of its claim.

Defendants, in separate answers, denied, *inter alia,* plaintiff's allegations to the effect Benfield was indebted to plaintiff at the time of Benfield's death.

When the case was called for trial, each defendant moved under G.S. 55-154 that plaintiff's action be dismissed. The court then denied said motions. After plaintiff and defendants had offered evidence, defendants renewed their said motions. Thereupon, the court entered judgment, which, after formal recitals, provides:

". . . and the Court finds the following facts:

"1.  That the plaintiff is a corporation organized and existing under and by virtue of the laws of the State of Virginia.

"2.  That said plaintiff corporation is not and has never been domesticated to transact business in the State of North Carolina in accordance with General Statutes 55-154.

"3.  That said plaintiff corporation has transacted business in the State of North Carolina without being domesticated in the State of North Carolina in accordance with the North Carolina General Statutes 55-154.

"Now, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that this action be, and the same is hereby dismissed, and the plaintiff is taxed with the costs."

Plaintiff excepted to "Finding of Fact" No. 3 and to the judgment and appealed.

*Emanuel & Emanuel for plaintiff appellant.*

*Ellis Nassif for Margaret S. Benfield, Administratrix, defendant appellee.*

*Maupin, Taylor & Ellis and Frank W. Bullock, Jr., for The Phoenix Insurance Company defendant appellee.*

BOBBITT, J.  G.S. 55-154, in pertinent part, provides: "(a)  No foreign corporation transacting business in this State without permission obtained through a certificate of authority under this chapter or through domestication under prior acts shall be permitted to maintain any action or proceeding in any court of this State unless such corporation shall have obtained a certificate of authority prior to trial; . . . An issue arising under this subsection must be raised by motion and determined by the trial judge prior to trial."

The issue raised by defendants' motions to dismiss should have been determined by the trial judge prior to trial. These motions challenged the authority of the court to proceed with a trial of the cause on its merits.

What is denominated "Finding of Fact" No. 3 is actually a conclusion of law, not a finding of fact. *Mills, Inc. v. Transit Co.*, 265 N.C. 61, 73, 143 S.E. 2d 235. Under authority of the cited case, which was decided July 23, 1965, defendants confess error and concede the cause must be remanded for specific findings as to facts pertinent to whether plaintiff "has transacted business in the State of North Carolina." Defendants are well advised.

Absent specific findings of fact supported by evidence and justifying the conclusion of law embodied in "Finding of Fact" No. 3, the judgment of the court below is erroneous and is therefore vacated. The cause is remanded for a *de novo* hearing and determination of defendants' said motions to dismiss in accordance with requirements stated herein.

There has been no determination of any of the issues raised by the pleadings relating to the merits of plaintiff's cause of action.

Error and remanded.