## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Haislip

v.

Jan M. Reaves

March 21, 1979

Case No. L-6876

By JUDGE AUSTIN E. OWEN

This matter came to be heard on March 7, 1979, upon plaintiff's motion for leave to use part of the transcript of the testimony of Officer Mathisen (given in the General District Court of this city in a traffic offense hearing) in the trial of this proceeding; the said Officer Mathisen being now deceased. After argument, the Court took the matter under advisement.

It does not appear that this identical question has been considered by the Supreme Court of Virginia. In *Hatcher et al.* v. *Crews et al.*, 78 Va. 460 (1884), the deposition of a witness taken in one case was permitted to be read against him in another suit on the basis that it was admissible as an admission by the party against whom read.

In *Reed & McCormick* v. *Gold*, 102 Va. 37, 45 S.E. 868 (1903), the Court ruled at page 50:

> The fact remains, however, that the issues in the chancery cause in which the deposition was taken are not the same as the issues in the action at law in which it was offered. . . . The proof must respond to the allegation and plea, and, if a witness in his deposition testi-

fies with respect to a matter not in issue, his testimony would be immaterial, and might with safety and propriety be passed by without challenge or cross-examination, and in such a case to permit it to be read in another suit upon a different state of the pleadings would operate a surprise and an injustice.

*Fisher* v. *Commonwealth,* 217 Va. 808 (1977), and *Shifflett* v. *Commonwealth,* 218 Va. 25 (1977), both involved use of testimony given at a preliminary hearing upon the subsequent trial where the witness was now deceased. In both cases the Court emphasized the presence of counsel at the preliminary hearing and the fact that the deceased witness was cross-examined on the "crucial issues."

Admittedly, some jurisdictions follow a strict rule that unless the parties and the issues are identical, the testimony from a prior proceeding will not be admitted into evidence at a subsequent proceeding. In *Yellow Cab Co.* v. *Henderson,* 183 Md. 546, 39 A.2d 546, the appellant, in this civil action, offered evidence given by the driver of the Yellow Cab at a hearing in traffic court, and the trial court refused that evidence. On appeal, the appellate court held that:

In the present case the parties are entirely different from the parties in the hearing in the traffic court. This, in itself, renders the former testimony inadmissible, and the court did not err in refusing to admit it.

The rule suggested in *Wigmore on Evidence,* Third Edition, Volume 5, Sections 1386, et seq., is that:

Unless the issues were then the same as they are when the former statement is offered, the cross-examination would not have been directed to the same material points of investigation, and therefore could not have been an adequate test for exposing inaccuracies and falsehoods. Unless, furthermore, the parties were the same *in motive and interest,* there is a similar inadequacy of opportunity . . . .

> It ought, then, to be sufficient to inquire whether the former testimony was given upon such an issue that the party-opponent in that case had *the same interest and motive* in his cross-examination that the present opponent has; and the determination of this ought to be left entirely to the trial judge.

*Parrish* v. *Bryant*, 237 N.C. 256, 74 S.E.2d 726, was a civil action and upon appeal the plaintiff excepted to the refusal of the trial court to permit the introduction of a transcript of the testimony of a State Highway Patrolman who was unavailable. There were two defendants in the civil action, one of whom was the defendant in the prior criminal action wherein the Patrolman testified. The same attorney who represented both defendants in the civil action, represented that defendant in the criminal case and cross-examined the Patrolman. The appellate court stated that:

> One of the cardinal rules governing the admissibility of testimony given at a former trial is that it must be made to appear that the issues in the former action were substantially the same as in the pending action, the theory being that unless the issues were the same, the cross-examination not have been directed to the same material points of investigation, and necessarily could not have been an adequate test for exposing testimonial inaccuracies.

While holding that the record did not disclose that the issues were substantially the same, and, thus, sustaining the lower court ruling, the quoted language is quite similar to the *Wigmore* reasoning.

The reasoning and holdings in the Virginia decisions above set forth are persuasive that Virginia would permit the introduction of prior testimony taken at a criminal hearing in a subsequent civil proceeding where that testimony was given upon such an issue that the party opponent in the prior trial had the *same interest and motive* in his cross-examination that the present opponent has.

Ordinarily the Court does not rule upon the admissibility of evidence prior to the time that it is offered at trial, for the admissibility of evidence is largely determined by the purpose for which it is offered. Counsel for the plaintiff in requesting this pre-trial ruling has indicated that the testimony of Officer Mathisen given at the prior trial would be offered as proof of the truth of the matters as to which the officer testified. The Court's ruling is made upon that basis and on the basis that the transcript would be offered by the plaintiff over the objection of the defendant.

In the proceedings in the General District Court Jan M. Reaves was the defendant, and she is the defendant in this action. She was represented by counsel at the trial in the General District Court, though not the same counsel who represents her in this proceeding; and her counsel cross-examined Officer Mathisen. She was then charged with reckless driving, no operator's license, no registration card, and defective equipment.

Obviously, testimony relating to no operator's license and no registration would be wholly irrelevant upon the issue of alleged negligent operation of a motor vehicle in this case. There are apparently three principal points in the testimony of Officer Mathisen that cannot be covered by the testimony of other witnesses: (1) "There was an odor of alcohol about Miss Reaves's breath when I was talking to her in the vehicle"; (2) "There was two bald tires on the front of the car at the time"; and (3) "She left 167 feet of brake marks prior to coming to this area here."

Statement (1) was apparently offered in support of the charge of reckless driving, but standing alone (and there was no indication of intoxication) the statement had no relevance to that issue nor would it have any relevance to the issue of negligence. More importantly, there was no cause for and consequently there was no cross-examination of the officer upon this statement. Statement (2) was the basis for the charge of improper equipment. On this issue, the defendant's position was that she had only purchased the car the previous day and the Seller had obtained an inspection sticker on the date of sale. She therefore had no cause or occasion to examine the tires. There was no cross-examination to determine whether the

officer made any measurement of tread such as required for inspection or on just what he based the "bald tires" testimony. We are left with a bare opinion with no basis for the opinion shown. Statement (3) was relevant to the issue of reckless driving as indicative of excessive speed and would be relevant to the issue of negligence in this case for the same reason. True, the officer was not cross-examined on this specific point, but the issue is virtually identical and the opportunity for cross-examination was present. It would seem clear that the officer was not cross-examined as there was no dispute as to the skid marks and their length.

Considering the foregoing, the Court is of the opinion that only Statement (3) is properly admissible upon the trial of this case.