HAROLD LANG JEWELERS, INC., PLAINTIFF v. JERGER JOHNSON D/B/A JOHNSON JEWELERS, AND TERRELL KENT JOHNSON D/B/A JERGER JOHNSON JEWELERS, DEFENDANTS

No. COA02-429

(Filed 18 February 2003)

**1. Trials— pretrial order—erroneous statement of no pending issues**

The trial court acted within its discretion when it addressed the issue of plaintiff's failure to obtain a North Carolina certificate of authority to transact business even though a pretrial order had indicated that there were no pending motions needing resolution prior to trial. The record indicates that the issue of whether plaintiff could avail itself of the courts of the state was pending despite the erroneous statement in the pretrial order. Moreover, the issue was first presented in defendant's answer and plaintiff can hardly claim surprise.

**2. Corporations— foreign—transacting business in North Carolina**

The trial court's conclusion that plaintiff was transacting business in North Carolina (without a certificate of authority) was supported by the findings and the evidence where plaintiff's business in North Carolina was regular, systematic, and extensive; plaintiff had been coming to North Carolina since about 1970 to sell and consign merchandise to jewelry stores; plaintiff routinely came to North Carolina as frequently as twice every four weeks during some parts of the year, each time bringing merchandise to deliver; and the sales were finalized in North Carolina. N.C.G.S. §§ 55-15-01(b), 55-15-02.

**3. Corporations— foreign—failure to obtain certificate to transact business—action dismissed**

The trial court acted within its discretion by dismissing rather than continuing an action for monies owed where plaintiff did not have a certificate to transact business in North Carolina. The applicable statute, N.C.G.S. § 55-15-02, simply indicates that an action cannot be maintained unless a certificate is obtained prior to trial and does not specify the procedure in the event of failure to obtain a certificate of authority. Moreover, defendant was aware that the motion was pending and could have obtained the certificate in the year and a half between the filing of the motion and the dismissal of its action.

Appeal by plaintiff from judgment entered 9 January 2002 by Judge Richlyn Holt in Macon County District Court. Heard in the Court of Appeals 13 November 2002.

*Creighton W. Sossomon, for plaintiff-appellant.*

*Coward, Hicks & Siler, P.A., by Richard K. Walker, for defendants-appellees.*

HUDSON, Judge.

Appellant Harold Lang Jewelers, Inc. ("Lang"), a Florida corporation, filed suit against the appellees ("Johnson"). As one of its affirmative defenses, Johnson argued that Lang could not sue in a North Carolina court because Lang was transacting business in the state without a certificate of authority to do so. The trial court agreed and dismissed the suit prior to trial. Lang appealed. For the reasons set forth below, we affirm the decision of the trial court.

Lang filed suit in April 1999, alleging that Johnson owed it $160,322.90 plus interest for jewelry sold or consigned. Johnson answered in May 1999, asserting as one of its eight affirmative defenses that Lang could not sue in a North Carolina court because Lang had failed to obtain a certificate of authority to transact business in the state. On January 7, 2002, the case was called for trial. At that time, Johnson orally raised the defense of Lang's failure to obtain a certificate of authority and requested a hearing on that issue. After hearing evidence and argument, the district court granted the motion and dismissed Lang's action. Lang now appeals.

**[1]** Lang first argues that the trial court erred when it considered Johnson's motion because the parties' pretrial order precluded further motions prior to trial. We disagree.

The pretrial order dated January 14, 2000, indicates that "there are no pending Motions before the Court which need resolution prior to Trial of this matter." However, the record reflects that in fact there was a motion pending—whether Lang could avail itself of the courts of this state. Pursuant to N.C. Gen. Stat. § 55-15-02, a foreign corporation that transacts business in North Carolina is barred from maintaining an action in any state court unless it has obtained a certificate of authority to transact business prior to trial. An "issue arising under this subsection must be raised by motion and determined by the trial judge prior to trial." N.C. Gen. Stat. § 55-15-02(a); see also *State of North Carolina ex rel. Glamorgan Pipe & Foundry Co.*, 266 N.C. 342, 344, 145 S.E.2d 912, 913 (1966) (holding that motions under the predecessor to § 55-15-02 "challenge the authority of the Court to proceed with a trial of the cause on its merits"). Rule 16 of our rules of civil procedure specifically permits pretrial orders to be modified at trial to prevent manifest injustice. We are persuaded that the trial court acted within its discretion when it addressed this dispositive issue as it did—prior to commencing trial, despite the erroneous statement in the pretrial order.

We also note that Lang can hardly claim surprise. The motion to dismiss based on failure to obtain a certificate of authority was first presented in Johnson's answer, filed on May 21, 1999, more than a year and a half before the matter was to be tried. Lang had sufficient time to address the issue. Thus, we see no error here.

**[2]** Second, Lang argues that the trial court did not find sufficient facts to support its conclusion that Lang was, in fact, transacting business in the state of North Carolina. Again, we disagree.

To "transact business" is defined by statute and common law. Specifically, N.C. Gen. Stat. § 55-15-01 sets forth examples of when a foreign corporation is NOT transacting business:

(1) Maintaining or defending any action or suit or any administrative or arbitration proceeding, or effecting the settlement thereof or the settlement of claims or disputes;

(2) Holding meetings of its directors or shareholders or carrying on other activities concerning its internal affairs;

(3) Maintaining bank accounts or borrowing money in this State, with or without security, even if such borrowings are repeated and continuous transactions;

(4) Maintaining offices or agencies for the transfer, exchange, and registration of its securities, or appointing and maintaining trustees or depositories with relation to its securities;

(5) Soliciting or procuring orders, whether by mail or through employees or agents or otherwise, where such orders require acceptance without this State before becoming binding contracts;

(6) Making or investing in loans with or without security including servicing of mortgages or deeds of trust through independent agencies within the State, the conducting of foreclosure proceedings and sale, the acquiring of property at foreclosure sale and the management and rental of such property for a reasonable time while liquidating its investment, provided no office or agency therefor is maintained in this State;

(7) Taking security for or collecting debts due to it or enforcing any rights in property securing the same;

(8) Transacting business in interstate commerce;

(9) Conducting an isolated transaction completed within a period of six months and not in the course of a number of repeated transactions of like nature;

(10) Selling through independent contractors;

(11) Owning, without more, real or personal property.

N.C. Gen. Stat. § 55-15-01(b). Our courts have interpreted transacting business in the state to "require the engaging in, carrying on or exercising, in North Carolina, some of the functions for which the corporation was created." *Canterbury v. Monroe Lange Hardware Imports Divis. of Macrose Indus. Corp.*, 48 N.C. App. 90, 96, 268 S.E.2d 868, 872 (1980), citing *Abney Mills v. Tri-State Motor Transit Co.*, 265 N.C. 61, 143 S.E.2d 235 (1965). The business done by the corporation must be of such nature and character "as to warrant the inference that the corporation has subjected itself to the local jurisdiction and is, by its duly authorized officers and agents, present within the State." *Spartan Equip. Co. v. Air Placement Equip. Co.*, 263 N.C. 549, 556, 140 S.E.2d 3, 9 (1965) (citation and quotation marks omitted). In other words, the activities carried on by the corporation in

North Carolina must be substantial, continuous, systematic, and regular. *Canterbury*, 48 N.C. App. at 96, 268 S.E.2d at 872.

Here, the trial court concluded that Lang's business activity in North Carolina was regular, continuous, and substantial such that it was transacting business in the state. We uphold this conclusion only if it is supported by the findings of fact, and, contrary to Lang's assertion, we hold that it is. *Royal v. Hartle*, 145 N.C. App. 181, 182, 551 S.E.2d 168, 170, *disc. review denied*, 354 N.C. 365, 555 S.E.2d 922 (2001).

Specifically, the court found that Lang, through its single employee, had sold and consigned merchandise to jewelry stores in Franklin, Asheville, and Highlands, North Carolina, since 1970. The court also found that Lang's employee came to North Carolina at least twice every six weeks during the year and at least twice every four weeks during the summer months for the purpose of transacting business. Sometimes he came to North Carolina to transact business as often as three times a month. The court found that when the employee came to North Carolina, he always brought jewelry with him for delivery. When he visited jewelry stores in the state, he would either (1) make a direct sale on the spot without any confirmation from any other person or entity in any other place or (2) consign the jewelry, also without any further confirmation or approval from any other person or entity anywhere. When the employee took orders, he either shipped the ordered items to the business in North Carolina or personally delivered the merchandise. He also took returns of merchandise from customers in the state. The court further found that the business that Lang conducted in North Carolina did not require it to communicate with any other person or seek any authority from any other person.

In sum, we conclude that the trial court's conclusions of law are adequately supported by the facts found in this case. There is ample evidence that Lang's business in this state has been regular, systematic, and extensive. Lang has been coming to North Carolina since about 1970 to sell and consign merchandise to several jewelry stores. In fact, Lang routinely came to North Carolina as frequently as twice every four weeks during some parts of the year, and each time he brought with him merchandise to deliver. Moreover, the orders did not require "acceptance without this State before becoming binding contracts" (N.C. Gen. Stat. § 55-15-01(b)(5)); instead, Lang's employee finalized the sales in North Carolina. Accordingly, Lang's assignments of error on this ground are overruled.

**[3]** Finally, Lang contends that the trial court erred when it dismissed the action, arguing that the court should have continued the case to permit Lang to obtain the requisite certificate of authority. The applicable statute, N.C. Gen. Stat. § 55-15-02, does not specify the procedure in the event of failure to obtain a certificate of authority. The statute simply indicates that an action cannot be maintained unless the certificate is obtained prior to trial. N.C. Gen. Stat. § 55-15-02(a). Lang has not cited, nor have we found, a case where a continuance has been granted by a court in these circumstances. Moreover, Lang was aware that Johnson's motion was pending and could have obtained the certificate in the year and a half that passed between the filing of the motion and the court's dismissal of the case. In the absence of statutory or other authority dictating a continuance, we hold that the trial court acted within its discretion in dismissing the action.

For the reasons set forth above, we affirm the decision of the trial court.

Affirmed.

CHIEF JUDGE EAGLES and JUDGE McGEE concur.