IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA17-981

Filed: 15 May 2018

Carteret County, No. 15-CVS-1130

ABC SERVICES, LLC d/b/a TAYLOR'S QUICK LUBE & CAR WASH, Plaintiff,

v.

WHEATLY BOYS, LLC d/b/a WHEATLY BOYS TIRE & AUTOMOTIVE, Defendant.

Appeal by Plaintiff from order entered 1 February 2017 by Judge Benjamin G. Alford in Carteret County Superior Court. Heard in the Court of Appeals 20 February 2018.

> *Harvell and Collins, P.A., by Russell C. Alexander and Wesley A. Collins, for the Plaintiff.*

> *Wheatly, Wheatly, Weeks, Lupton & Massie, P.A., by Claud R. Wheatly, III, for the Defendant.*

DILLON, Judge.

ABC Services, LLC ("Plaintiff"), brought this action claiming that an employee of Wheatly Boys Tire & Automotive ("Defendant") damaged its car wash facility when the employee dumped a large quantity of diesel fuel into a drain at the facility during the process of washing Defendant's truck. The trial court dismissed Plaintiff's claims pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. Plaintiff appeals, contending that the trial court abused its discretion in reviewing Defendant's motion to dismiss *sua sponte* and without notice to Plaintiff, and

thereafter erred by dismissing Plaintiff's claims despite the presence of a dispute over material facts. After reviewing the information before the trial court, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## I. Background

In December 2014, an individual (the "Employee") employed by Defendant drove a company vehicle, a truck with an off-road diesel holding tank, into a washing bay at a car wash in Beaufort owned by Plaintiff. The Employee began washing the vehicle's holding tank, dumping the residue and its remaining contents into the car wash's drainage system. The Employee continued for 15-20 minutes before a car wash employee asked him to stop.

Following this incident, a smell of diesel wafted from the drain. Witnesses reported seeing a dark, greasy liquid inside the drain. Plaintiff ultimately hired an outside cleaning company to dispose of the drain's contents in an environmentally appropriate manner.

Ten months after the incident, in October 2015, Plaintiff filed a complaint against Defendant seeking recovery of its cleaning costs. Defendant filed an answer which contained a Rule 12(b)(6) motion to dismiss. Sometime later, before trial began, the parties stipulated to a Pre-Trial Order identifying motions in limine as the only motions pending before the court.

On 30 January 2017, the trial court heard the motions in limine and then empaneled a jury. The next day, immediately before trial was to begin, the trial court elected to hear Defendant's Rule 12(b)(6) motion. The trial court granted Defendant's motion to dismiss as to all of Plaintiff's claims. Plaintiff appeals.

## II. Analysis

### A. Judicial Adherence to Local Rules

Plaintiff argues the trial court improperly heard and subsequently granted Defendant's Rule 12(b)(6) motion to dismiss with respect to each of Plaintiff's claims. Specifically, Plaintiff views the trial court's *sua sponte* review of the motion as an abuse of discretion creating unfair surprise. Further, it is Plaintiff's view that its Complaint sufficiently pleaded each of its claims. We look first to the trial court's decision to consider the motion to dismiss on the day of trial.

Generally, a trial court is free to consider a motion to dismiss at any time before trial begins. N.C. R. Civ. P. 12(h)(2) ("A defense of failure to state a claim upon which relief can be granted . . . may be made . . . at the trial on the merits."). However, motions practice must adhere to the particular rules of the reviewing jurisdiction. *Forman & Zuckerman, P. A., v. Schupak*, 38 N.C. App. 17, 20, 247 S.E.2d 266, 269 (1978) (citing *Vitarelli v. Seaton*, 359 U.S. 535, 540 (1959)); N.C. Gen. Stat. § 7A-34 (2015) ("The Supreme Court is hereby authorized to prescribe rules of practice and

procedure for the superior and district courts supplementary to, and not inconsistent with, acts of the General Assembly.").

North Carolina District 3B, where the present matter was brought, requires in its local rules that dispositive motions must be noticed to all parties at least fifteen (15) days prior to trial. Local Calendaring Rules, Jud. Dist. 3B Superior Court Division Case Management Plan, Rule 2.1. Additionally, in District 3B, all Rule 12 dispositive motions must be accompanied by a supporting memorandum or else are deemed abandoned. Rule 6.8. Failure to provide appropriate notice may lead to unfair surprise to the nonmoving party, *see State v. Alston*, 307 N.C. 321, 331, 298 S.E.2d 631, 639 (1983); but pretrial orders may be modified as late as trial to prevent manifest injustice. N.C. R. Civ. P. 16; *see Harold Lang Jewelers, Inc. v. Johnson*, 156 N.C. App. 187, 189, 576 S.E.2d 360, 361 (2003).

A trial court does have the discretion to modify or avoid the application of a jurisdiction's local rules. N.C. Gen. R. Prac. Super. and Dist. Ct. 2(d); *Young v. Young*, 133 N.C. App. 332, 333, 515 S.E.2d 478, 479 (1999). In exercising this discretion, the trial court must be careful to give proper regard to the purpose of the applicable local rules. *Id.* We therefore review a judge's discretionary decision to act outside the prescription of local rules for an abuse of discretion. *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985) ("It is well established that where matters are left to

the discretion of the trial court, appellate review is limited to a determination of whether there was a clear abuse of discretion.").

Here, the trial court issued a discovery scheduling order requiring each party to serve notice of its dispositive motions at least fifteen (15) days prior to trial. Defendant included its Rule 12(b)(6) motion to dismiss in its initial answer, but failed to serve any notice of or any memorandum supporting the motion fifteen (15) days before trial began. Rather, the trial court judge chose to exercise his discretion and hear Defendant's motion to dismiss on the day of trial.

Plaintiff acknowledges that this issue has been previously decided by our Court in *Harold Lang Jewelers, Inc., v. Johnson*, 156 N.C. App. 187, 576 S.E.2d 360 (2003), but contends that the case before us is distinguishable. In *Johnson*, the trial court issued a pretrial order stating that there were no motions pending before the court that needed to be addressed before trial. *Id.* at 189, 576 S.E.2d at 361. Still, the trial court elected to hear a dispositive motion on the day of trial. *Id.* This Court explained that the nonmoving party could not feign unfair surprise because the pending motion was "first presented in [the moving party's] answer." *Id.* Plaintiff contends that *Johnson* is distinguishable because in the present case, although Defendant presented its motion to dismiss in its answer, Plaintiff pleaded only that Defendant had failed to state a claim. The language of the motion was bare, unlike the detailed motion in *Johnson*. However, our Court in *Johnson* also held that the trial court's

consideration of the pending motion was proper because Rule 16 of the Rules of Civil Procedure states that a pretrial order may be "modified at trial to prevent manifest injustice." *Id.*

We find *Johnson* instructive in this case. Here, Defendant placed Plaintiff on notice of the existence of its motion to dismiss when it filed an answer in December 2015, over a year before the motion was heard at trial. The trial court judge had the discretion to avoid the local rules concerning pretrial orders and to modify the terms of any pretrial orders at trial. The local rules serve to ensure that all parties are on notice of trial proceedings and that nothing new is raised at trial for the first time. We conclude that the trial court did not abuse its discretion in considering Defendant's Rule 12(b)(6) motion because Plaintiff had notice of the pending motion to dismiss.

### B. Sufficiency of the Pleadings

In its complaint, Plaintiff brought three claims for relief: (1) intentional and/or reckless littering; (2) trespass to property; and (3) negligence and/or gross negligence. Generally, appellate review of a trial court's grant of a 12(b)(6) motion to dismiss is *de novo*. *Wray v. City of Greensboro*, ___ N.C. ___, ___, 802 S.E.2d 894, 898 (2017). "[T]he well-pleaded material allegations of the complaint are taken as true; but conclusions of law or unwarranted deductions of fact are not admitted." *Arnesen v. Rivers Edge Golf Club & Plantation, Inc.*, 368 N.C. 440, 448, 781 S.E.2d 1, 7 (2015).

A claim is rightfully dismissed when: "(1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim." *Newberne v. Dep't of Crime Control & Pub. Safety*, 359 N.C. 782, 784-85, 618 S.E.2d 201, 204 (2005). The sufficiency of the pleadings setting forth each claim is considered below.

### 1. Littering

Section 14-399 of the North Carolina General Statutes creates both criminal liability and a cause of action where a party disposes of litter in an improper location:

> No person, including any . . . organization, . . . shall intentionally or recklessly throw, scatter, spill or place or intentionally or recklessly cause to be blown, scattered, spilled, thrown or placed or otherwise dispose of any litter upon any public property or private property not owned by the person within this State or in the waters of this State . . . except:
>
> (1) When the property is designated by the State or political subdivision thereof for the disposal of garbage and refuse, and the person is authorized to use the property for this purpose; or
>
> (2) Into a *litter receptacle* in a manner that the litter will be prevented from being carried away or deposited by the elements upon any part of the private or public property or waters.

N.C. Gen. Stat. § 14-399(a) (2015) (emphasis added); N.C. Gen. Stat. § 14-399(e) (defining a violation of section 14-399(a) in an amount exceeding 500 pounds and/or

for a commercial purpose as a felony); N.C. Gen. Stat. § 14-399(h) (authorizing a court to award damages to a party injured by a felonious violation of section 14-399(a)).

Under the statute, "litter" means "garbage, rubbish, trash, refuse, . . . or discarded material in any form resulting from . . . commercial . . . operations," N.C. Gen. Stat. § 14-399(i)(4). "Commercial purposes" refers to litter discarded by an entity, or its employees, "conducting business for economic gain." N.C. Gen. Stat. § 14-399(i)(2a).

The trial court dismissed Plaintiff's claim brought under this statute because it concluded, as a matter of law, that the car wash drain into which the Employee cleaned out his vehicle was "a litter receptacle of some sort." We agree.

Here, Plaintiff's complaint alleged that the Employee "dumped the contents of a one thousand gallon off-road diesel holding tank in Plaintiff's car wash drain system," that the amount dumped exceeded 500 pounds and was dumped for commercial purposes, and that Plaintiff sustained injuries as a result. While its claim thoroughly tracks the statutory scheme for pleading a claim under N.C. Gen. Stat. § 14-399 and presents all facts necessary for a claim thereunder, its claim also discloses facts that necessarily defeat it.

Specifically, we conclude that Plaintiff's car wash drain system qualifies as a "litter receptacle" as contemplated by N.C. Gen. Stat. § 14-399(a). We note that the

term "litter receptacle" is not defined within Section 14-399, or another neighboring

statute.[1] However, we have previously stated that our General Assembly intended to

encompass a "broad range of containment vessels" by using the word "receptacle."[2]

*State v. Hinkle*, 189 N.C. App. 762, 767, 659 S.E.2d 34, 37 (2008). And, as a private

dumpster holds litter in a contained location for some time until it can be removed,

so too a car wash's drainage system collects and stores waste cleaned from its

customers' vehicles until it can be removed at a later date. *See id.*

Plaintiff attempts to distinguish this case from *Hinkle* because the latter was

decided in a criminal context.[3] However, we hold that the General Assembly intended

for the term "receptacle" as used in N.C. Gen. Stat. § 14-399 to have the same

---

[1] Littering statutes in other states codify "litter receptacle," e.g., (1) Virginia: " 'Litter receptacle' means containers acceptable to the Department for the depositing of litter." Va. Code Ann. § 10.1-1414 (2017); (2) Ohio: " 'Litter receptacle' means a dumpster, trash can, trash bin, garbage can, or similar container in which litter is deposited for removal." Ohio Rev. Code. Ann. § 3767.32.(D)(3) (2016); (3) Rhode Island: " 'Litter receptacle' means those containers adopted by the department of environmental management and which may be standardized as to size, shape, capacity, and . . . , as well as any other receptacles suitable for the depositing of litter." R.I. Gen. L. § 37-15-3(6) (2014). While these definitions are in no way binding on this Court, we find them persuasive here.

[2] Our review of the case law reveals only two additional cases referencing the definition of "litter receptacle" under North Carolina law: *State v. Rankin*, ___ N.C. App. ___, ___, 809 S.E.2d 358 (2018) and *State v. Mather*, 221 N.C. App. 593, 728 S.E.2d 430 (2012). Each of these cases discusses *Hinkle's* definition of "litter receptacle" only insofar as it is used to understand what language constitutes the definition of a crime, and offers no guidance on what is considered a "litter receptacle." *Rankin*, ___ N.C. App. at ___, 809 S.E.2d at 362-63; *Mather*, 221 N.C. App. at 601, 728 S.E.2d at 435.

[3] Plaintiff appears to take issue with the possibility that the ultimate holding in *Hinkle* be applied to this case. The *Hinkle* Court found that the prosecution had failed to prove its case-in-chief because it did not present evidence showing that the private dumpster was not a litter receptacle, or otherwise a litter receptacle presenting a risk of overflow into property or waters. *Hinkle,* 189 N.C. App. at 769, 659 S.E.2d at 38. We do not hold here that it was necessary for Plaintiffs to plead that the car wash drain did not fall into a category described by N.C. Gen. Stat. § 14-399(a)(2), as this would improperly raise the notice pleading standard. Rather, we simply hold that the car wash drain is a "litter receptacle."

meaning whether the statute was being applied in a criminal context or a civil context.[4]

### 2. Trespass

We hold that Plaintiff's complaint does properly state a claim for trespass. A claim for trespass to property requires three elements: "(1) possession of the property by plaintiff when the alleged trespass was committed; (2) an unauthorized entry by defendant; and (3) damage to plaintiff." *Fordham v. Eason,* 351 N.C. 151, 153, 521 S.E.2d 701, 703 (1999).

The design and use of a property can implicitly authorize an individual's presence as a lawful visitor, but an authorized presence may become unauthorized if the individual's conduct exceeds the scope of his or her invitation. *Smith v. VonCannon*, 283 N.C. 656, 660, 197 S.E.2d 524, 528 (1973) ("One who enters upon the land of another with the consent of the possessor may, by his subsequent wrongful act in excess or abuse of his authority to enter, become liable in damages as a trespasser.").

---

[4] We note that Plaintiff's complaint alleges that Defendant's actions were "a violation of the Oil Pollution and Hazardous Substance Control Act." N.C. Gen. Stat. § 143-21A (2015). Plaintiff argues this point more thoroughly in its reply brief on appeal. However, Plaintiff's claims for relief and jury demand in its complaint refer only to N.C. Gen. Stat. § 14-399, trespass to property, and negligence. It may be that Defendant's actions constitute liability under N.C. Gen. Stat. § 143-21A, but that issue is not properly before us on appeal. *Parrish v. Bryant*, 237 N.C. 256, 260, 74 S.E.2d 726, 729 (1953) ("[T]he law does not permit parties to swap horses between courts in order to get a better mount [on appeal][.]"); *see State v. Forte*, 360 N.C. 427, 438, 629 S.E.2d 137, 145 (2006).

Plaintiff does not dispute that Defendant's entry onto Plaintiff's property was authorized. Indeed, Plaintiff operates a car wash business that is open to the public and invites the public to use its facilities. Plaintiff, however, contends that Defendant's presence became a trespass when the Employee allegedly intentionally dumped hundreds of pounds of diesel fuel, a hazardous material, into the car wash drain. Though Plaintiff's car wash drain is a litter receptacle designed to accept refuse and Defendant, (through the Employee) is a customer contemplated by Plaintiff's business, a jury could determine that Plaintiff's invitation to use its facilities to clean vehicles did not extend to an invitation to dump a large quantity of hazardous materials on its property. Therefore, we conclude that Plaintiff has stated a claim for trespass.

### 3. Negligence

Plaintiff also pleads that Employee acted negligently in dumping the diesel fuel, resulting in damage to Plaintiff's property. Where an individual acts without the intent to cause harm to property, but actually and proximately causes harm by breaching his or her legal duty of care, the individual may be liable for negligence. *Bridges v. Parrish*, 366 N.C. 539, 541, 742 S.E.2d 794, 796 (2013).

Here, Plaintiff alleged essentially that the Employee had a duty of care in its use of Plaintiff's property and that the Employee caused damage to the car wash

drain by failing to adhere to that duty. We conclude that the allegations in the Complaint are sufficient to state a claim for negligence.

## III. Conclusion

We hold that Plaintiff's complaint failed to allege facts that constitute littering under N.C. Gen. Stat. § 14-399. We further hold that Plaintiff sufficiently pleaded facts to sustain its claims for trespass and for negligence. We, therefore, affirm the trial court's dismissal of Plaintiff's claim for damage under N.C. Gen. Stat. § 14-399, and reverse its dismissal of Plaintiff's claims for trespass and negligence. We remand for further proceedings consistent with this opinion.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

Chief Judge MCGEE and Judge TYSON concur.