LEASECOMM CORPORATION, Plaintiff-Appellee v. RENAISSANCE AUTO CARE, INC., and DAVID LEE DAVIS, Defendant-Appellant

No. COA95-115

(Failed 19 March 1996)

**Corporations § 80 (NCI4th)— foreign corporation not authorized to do business in N.C.—no right to bring action in North Carolina**

Since a foreign corporation or its successor or assignee may not maintain any action in North Carolina (including an action to enforce a foreign judgment) until the foreign corporation obtains a certificate of authority to do business here, and plaintiff's assignor was never authorized to do business in North Carolina, plaintiff assignee had no authority to maintain an action to enforce its foreign judgment in North Carolina even if it is authorized to do business in this state. N.C.G.S. § 55-15-02(a).

**Am Jur 2d, Mortgages § 1311.**

**What constitutes taking instrument in good faith, and without notice of infirmities or defenses, to support holder-in-due-course status, under UCC § 3-302. 36 ALR4th 212.**

Appeal by defendants from summary judgment order entered 25 October 1994 by Judge Donald W. Overby in Wake County District Court. Heard in the Court of Appeals 9 January 1996.

In October 1990, American Bankcard Center (hereinafter ABC) and defendants entered into an equipment lease agreement. In the fall of 1991, defendants became dissatisfied with the equipment and attempted to cancel the agreement. ABC informed defendants that their lease agreement was now actually with Leasecomm Corporation (hereinafter plaintiff). ABC sent defendants a copy of the lease agreement showing that ABC had assigned the lease to plaintiff in November 1990. When plaintiff and defendants could not settle their dispute, plaintiff sued defendants in Massachusetts for defendants' failure to continue to make payments called for by the equipment lease and defendants' failure "to honor [the] remaining lease obligations." Plaintiff obtained a default judgment against defendants from the Massachusetts court on 29 May 1992.

The Uniform Enforcement of Foreign Judgments Act (G.S. 1C-1701 *et seq.*) provides an avenue for a party to enforce a foreign judgment in North Carolina. Pursuant to the Act, plaintiff filed a copy of its foreign judgment with the Wake County Superior Court Clerk accompanied by an affidavit stating that the judgment was a final judgment and was unsatisfied. Defendants then filed a "Notice Of Defenses; Motion For Relief From Foreign Judgment Of Default" stating, *inter alia*, that plaintiff was not authorized to enforce its judgment in North Carolina. A district court hearing to rule on defendants' motion was calendared for 8 October 1993, but plaintiff voluntarily dismissed its proceeding to enforce the foreign judgment on 6 October 1993. On 11 October 1993, plaintiff filed a complaint in district court commencing a civil action to enforce its foreign judgment. Plaintiff and defendants each moved for summary judgment. The trial court granted plaintiff's motion for summary judgment on 25 October 1994.

Defendants appeal.

**LEASECOMM CORP. v. RENAISSANCE AUTO CARE**

[122 N.C. App. 119 (1996)]

*No brief for plaintiff-appellee.*

*Winborne Law Office, P.A., by Paul Faison S. Winborne and Hall, O'Donnell & Boyles, by Jean Winborne Boyles, for defendant-appellants.*

EAGLES, Judge.

Defendants argue that the trial court erred in granting plaintiff's summary judgment motion because plaintiff lacked authority to maintain an action in North Carolina to enforce the foreign judgment. We agree.

G.S. 55-15-02(a) provides:

No foreign corporation transacting business in [North Carolina] without permission obtained through a certificate of authority . . . shall be permitted to maintain any action or proceeding in any court of this State unless such corporation shall have obtained a certificate of authority prior to trial; nor shall any action or proceeding be maintained in any court of this State by any successor or assignee of such corporation on any cause of action arising out of the transaction of business by such corporation in this State until:

(1) A certificate of authority shall have been obtained by such corporation or by a foreign corporation which has acquired substantially all of its assets, or

(2) Substantially all of its assets have been acquired by a domestic corporation or one or more individuals.

An issue arising under this subsection must be raised by motion and determined by the trial judge prior to trial.

According to the plain language of G.S. 55-15-02(a)(1), a foreign corporation or its successor or assignee may not maintain any action in North Carolina (including an action to enforce a foreign judgment) until the foreign corporation obtains a certificate of authority to do business here. The record shows that ABC has never been authorized to do business in North Carolina. Although plaintiff Leasecomm (ABC's assignee) became authorized to do business in North Carolina in August 1993, G.S. 55-15-02(a)(1) provides that plaintiff had no authority to maintain an action to enforce its foreign judgment in North Carolina because ABC has never been granted authority to do business here. We also note that plaintiff fails to meet the require-

N.C. CHIROPRACTIC ASSN. v. N.C. STATE BD. OF EDUC.

[122 N.C. App. 122 (1996)]

ments of G.S. 55-15-02(a)(2). Accordingly, we hold that the trial court erred in granting summary judgment for plaintiff and denying defendant's summary judgment motion.

Defendants also argue that because plaintiff chose to proceed under the Uniform Enforcement of Foreign Judgments Act first, plaintiff could not then voluntarily dismiss that action and subsequently file a civil action to enforce the judgment. We need not reach this issue because we already have determined that, under G.S. 55-15-02(a), plaintiff lacked the authority to pursue either avenue.

Reversed.

Judges MARTIN, John C., and MARTIN, Mark D., concur.