HCA HEALTH SERVICES OF TEXAS, INC. D/B/A WEST HOUSTON MEDICAL CENTER, Plaintiff v. IRANCE REDDIX, M.D. A/K/A IRANCE REDDIX-NORMAN A/K/A IRANCE REDDIX-COLLINS, Defendant

No. COA01-589

(Filed 6 August 2002)

**Judgments— Uniform Enforcement of Foreign Judgments Act—North Carolina Foreign Money Judgments Recognition Act**

The trial court's order denying plaintiff creditor's motion to enforce a foreign judgment under the Uniform Enforcement of Foreign Judgments Act is vacated, because: (1) plaintiff complied with the procedural requirements of the Act by filing a certified copy of the agreed judgment with the clerk of court and notifying

defendant of the filing, and plaintiff moved for enforcement of the judgment after defendant filed a motion for relief from the judgment; (2) the trial court did not make necessary findings of fact including whether defendant authorized the entry of the judgment or received notice of any hearing thereon; and (3) although defendant contends that the Texas court lacked personal jurisdiction over her, the North Carolina Foreign Money Judgments Recognition Act provides the foreign judgment shall not be refused recognition for lack of personal jurisdiction under certain circumstances that may be relevant in this case including that defendant voluntarily appeared in the proceedings, defendant agreed to submit to the jurisdiction of the foreign court with respect to the subject matter involved prior to commencement of the proceedings, and defendant was domiciled in the foreign state when the proceedings were instituted. N.C.G.S. §§ 1C-1705, 1C-1804.

Judge BRYANT dissenting.

Appeal by plaintiff from order entered 12 December 2000 by Judge Quentin Sumner in Nash County Superior Court. Heard in the Court of Appeals 25 March 2002.

*Smith Helms Mulliss & Moore, L.L.P., by Julie F. Youngman and D. Todd Brosius, for plaintiff-appellant.*

*Reddix-Smalls & Carter Law Firm, by Brenda Reddix-Smalls and Delores Jones Faison, for defendant-appellee.*

HUDSON, Judge.

HCA Health Services of Texas, Inc. ("plaintiff") appeals from an order denying its motion to enforce a foreign judgment pursuant to the Uniform Enforcement of Foreign Judgments Act, *see* N.C. Gen. Stat. §§ 1C-1701 to -1708 (2001). For the reasons given below, we vacate the order and remand for further proceedings.

The following facts are undisputed: In 1993, Dr. Irance Reddix ("defendant") entered into a contract with Rosewood Hospital, pursuant to which defendant obtained loans. Subsequently, plaintiff purchased Rosewood Hospital, and the contract was assigned to plaintiff. Defendant failed to repay the loans, and plaintiff filed suit in the District Court of Harris County, Texas. Defendant filed an answer.

On 1 April 1994, plaintiff and defendant executed a Settlement Agreement, which provides in part as follows:

1. [Defendant] agrees to pay to the Hospital the sum of Fifty-four Thousand, Three Hundred Ninety-one and 80/100 Dollars ($54,391.80) on a scheduled payout as follows [omitted].

2. Contemporaneously with the execution of this Agreement, the Parties shall also execute an Agreed Judgment . . . in the District Court of Harris County, Texas, 270th Judicial District, said Agreed Judgment to be in the amount of Fifty-four Thousand, Three Hundred Ninety-one and 80/100 Dollars ($54,391.80) with interest thereon at the statutory rate of ten percent (10%) per annum from the date of execution of the Agreed Judgment until paid. Said Agreed Judgment shall remain in the possession of the Hospital and/or its attorneys, and shall not be submitted to nor entered by the Court unless [defendant] shall fail to maintain her obligations pursuant to Paragraph 1 above. Upon any such breach of [defendant's] obligations under Paragraph 1, the Hospital shall have the right to file said Agreed Judgment with the Court, without prior notice or demand to [defendant], and to thereafter pursue all legal remedies available to it for collection of the sums due pursuant to the Agreed Judgment, less all just and lawful offsets and credits.

3. The Lawsuit shall remain pending until the completion by [defendant] of all her obligations pursuant to Paragraph 1 above. Upon full and satisfactory completion of [defendant's] obligations under Paragraph 1, the Hospital shall dismiss the Lawsuit with prejudice.

The record contains a copy of a letter dated 26 April 1994 from the law firm of Kirkendall, Isgur & Rothfelder, L.L.P. addressed to attorney Gwendolyn F. Climmons. The letter provides as follows:

Please allow this letter to serve as notice to you that your client is currently in default on the previously agreed to settlement in the above-referenced matter. Not only has Dr. Reddix-Norman failed to make the April 10, 1994 and April 25, 1994 payments pursuant to the Settlement Agreement, but the initial payment of $2,460.40 paid upon the execution of the Agreement by check has been returned due to insufficient funds.

Clearly, the above conduct constitutes a violation of the Settlement Agreement and provides grounds for the filing of the Agreed Judgment.

In the event that Dr. Reddix-Norman has not made payment for the initial payment, the April 10, 1994 payment, and the April 25, 1994 payment, by this Thursday, April 28, 1994, we will file the Agreed Judgment and pursue all available remedies at law for collection of both the judgment and any costs and attorneys' fees associated therewith. Given the return of the initial payment check, we would request that all payments be made by either cashier's check or money order.

The record also contains a copy of a document entitled "Agreed Judgment." The Agreed Judgment begins: "On this the 1st day of April, 1994, [plaintiff] and [defendant] agreed to resolve the dispute between them as described in a Settlement Agreement entered into and executed by the parties on this date." The document then recites the terms of the Settlement Agreement. The document was signed by a judge in the District Court of Harris County, Texas, on 7 September 1994. Below the judge's signature appear the words, "approved as to form and content," followed by the signatures of an attorney with the law firm of Kirkendall & Collins, for plaintiff, and Gwendolyn F. Climmons, for defendant.

In February 2000, plaintiff filed an Affidavit of Non-Satisfaction of Foreign Judgment, accompanied by two certified copies of the Texas judgment, in Nash County Superior Court. Plaintiff notified defendant of the filing, and defendant filed a document entitled, "Relief and Opposition to Foreign Judgment." Plaintiff moved for enforcement of the foreign judgment, and, after a hearing, the court denied plaintiff's motion. Plaintiff appeals the trial court's denial of its motion for enforcement of the Texas judgment.

The Uniform Enforcement of Foreign Judgments Act (the "Act") provides that a judgment from another state, filed in accordance with the procedures set out in the Act,

has the same effect and is subject to the same defenses as a judgment of this State and shall be enforced or satisfied in like manner; provided however, if the judgment debtor files a motion for relief or notice of defense pursuant to G.S. 1C-1705, enforcement of the foreign judgment is automatically stayed, without security, until the court finally disposes of the matter.

N.C.G.S. § 1C-1703(c). Once the foreign judgment has been filed and the judgment debtor has been notified of the filing, the judgment debtor has thirty days within which it

> may file a motion for relief from, or notice of defense to, the foreign judgment on the grounds that the foreign judgment has been appealed from, or enforcement has been stayed by, the court which rendered it, or on any other ground for which relief from a judgment of this State would be allowed.

N.C.G.S. § 1C-1705(a); *see* N.C.G.S. § 1C-1704. If the judgment debtor files a motion for relief or notice of defenses, then the judgment creditor may move for enforcement of the judgment. *See* N.C.G.S. § 1C-1705(b). The trial court must then hold a hearing, conducted in accordance with the Rules of Civil Procedure, to determine if the foreign judgment "is entitled to full faith and credit." *Id.*

Although the Act provides that the judgment creditor has the burden of proving that the judgment is entitled to full faith and credit, *see id.*, we have held that "[t]he introduction into evidence of a copy of the foreign judgment, authenticated pursuant to Rule 44 of the Rules of Civil Procedure, establishes a presumption that the judgment is entitled to full faith and credit." *Lust v. Fountain of Life, Inc.*, 110 N.C. App. 298, 301, 429 S.E.2d 435, 437 (1993). The judgment debtor may rebut this presumption by establishing any of various defenses available to it. *See id.* Once the presumption is established, however, "the [judgment creditor is] not required . . . to bring forth evidence that none of the defenses available to [a judgment debtor are] valid." *Id.* at 302, 429 S.E.2d at 437.

The North Carolina Foreign Money Judgments Recognition Act, *see* N.C. Gen. Stat. §§ 1C-1800 to -1808 (2001), provides the defenses available to a judgment debtor. Specifically:

(a) A foreign judgment is not conclusive if:

    (1) The judgment was rendered under a system that does not provide impartial tribunals or procedures compatible with the requirements of due process of law;

    (2) The foreign court did not have personal jurisdiction over the defendant; or

    (3) The foreign judgment did not have jurisdiction over the subject matter.

  (b) A foreign judgment need not be recognized if:

    (1) The defendant in the proceedings in the foreign court did not receive notice of the proceedings in sufficient time to enable the presentation of a defense;

    (2) The judgment was obtained by fraud;

    (3) The cause of action on which the judgment is based is repugnant to the public policy of this State;

    (4) The judgment conflicts with another final and conclusive judgment;

    (5) The proceedings in the foreign court were contrary to an agreement between the parties under which the dispute in question was to be settled out of court;

    (6) In the case of jurisdiction based on personal service, the foreign court was a seriously inconvenient forum for the trial of the action; or

    (7) The foreign court rendering the judgment would not recognize a comparable judgment of this State.

N.C.G.S. § 1C-1804; *see also* N.C.G.S. § 1C-1705(a) (providing that judgment debtor may seek relief from enforcement of foreign judgment "on any . . . ground for which relief from a judgment of this State would be allowed"); *Lust*, 110 N.C. App. at 301, 429 S.E.2d at 437 (identifying defenses as "rendering court did not have subject matter jurisdiction, did not have jurisdiction over the parties, that the judgment was obtained by fraud or collusion, that the defendant did not have notice of the proceedings, or that the claim on which the judgment is based is contrary to the public policies of North Carolina").

    Here, plaintiff complied with the procedural requirements of the Act. Plaintiff filed a certified copy of the Agreed Judgment with the clerk of court and notified defendant of the filing. Defendant filed a motion for relief from the judgment, and plaintiff moved for enforcement of the judgment. Thereafter, defendant filed a memorandum and response and an affidavit signed by defendant.

    At the hearing on the motion for enforcement, neither side presented witnesses. Defendant argued, *inter alia*, that the Agreed Judgment did not comport with Texas Rule of Civil Procedure 314, which governs confessions of judgment. As a consequence, defendant

contended, the Texas court did not have personal jurisdiction over defendant. Defendant also argued that she did not receive notice of the entry of the Agreed Judgment and that plaintiff's representation to the court that the Agreed Judgment is a valid judgment constituted fraud.

At the conclusion of the hearing, the superior court denied plaintiff's motion for enforcement. Plaintiff then requested findings of fact and conclusions of law pursuant to N.C.R. Civ. P. 52. The court stated, "I'm going to make one simple finding," and asked defense counsel to prepare an order finding that "the purported judgment proffered by the plaintiff in this matter did not follow the procedures outlined in the Texas rules as it relates to confession of judgment."

The court's written order contained the following "findings of fact":

1. Plaintiff filed a certified Agreed Judgment signed on September 7, 1994 by an attorney in the State of Texas.

2. Plaintiff filed a Settlement Agreement signed by the Defendant on April 14, 1994.

3. Plaintiff did not enter evidence indicating that Defendant was provided with a Notice of Hearing or opportunity to be heard on the Agreed Judgment, dated September 7, 1994.

4. Defendant filed a Memorandum and alleged that Plaintiff's judgment was void; did not comply with the laws in the State of Texas for valid judgments and Plaintiff did not afford the Defendant the opportunity to appear or to contest said judgment. Defendant also alleged apparent fraud by Plaintiff HCA.

5. Defendant filed an affidavit stating that she did not sign the Agreed Judgment; nor was she given an opportunity to be heard on the filing of the judgment. The Defendant also stated in her affidavit that she was informed and believed that HCA Columbia had been sued by the United States Department of Justice for violations in physician relations, Mediare [sic] billing and home health issues.

6. Plaintiff entered evidence that Defendant had attempted to discharge the debt during the U.S. Bankruptcy Case No.: 95-40682-H4-7. Further, that the U.S. Bankruptcy Court entered an Order dated November 21, 1995 denying the discharge.

7. Defendant alleged that Plaintiff had contested the Bankruptcy discharge, by filing a Complaint Objecting to Discharge on May 5, 1995, and that filing the instant action was in violation of Section 1-47 of the North Carolina General Statutes.

8. Defendant filed a Motion for Reconsideration on December 1, 1995.

The court's conclusions of law provide, in relevant part:

1. Plaintiff has not complied with the laws in the State of Texas requiring the entry of a valid Texas judgment; including but not limited to Rule 314, Texas Rules of Civil Procedure. If Defendant did not receive notice of the proceedings in sufficient time to enable the presentation of a defense, the North Carolina Courts need not recognize the foreign judgment. North Carolina General Statute 1C-1804(b)(1).

2. Plaintiff failed to present evidence to show that the Defendant was given notice or an opportunity to be heard regarding the judgment entered in Texas. The North Carolina courts review of the jurisdiction of a court rendering a judgment is limited to determining if the issues were fully and fairly litigated. *Boyles v. Boyles*, 308 N.C. 488, 302 S.E.2d 790.

3. As a result, the State of North Carolina is not required to give full faith and credit to the judgment. The judgment creditor shall have the burden of proving that the foreign judgment is entitled to full faith and credit. N.C.G.S. § 1C-1705(b) (1989). *Reinward v. Swiggett*, 107 N.C. App. 590 (1992).

Plaintiff argues that the trial court erroneously placed the burden of proof on it, overlooking the fact that it had carried that burden to the extent of raising a presumption in its favor by submitting an authenticated judgment. *See Lust*, 110 N.C. App. at 301-02, 429 S.E.2d at 437. To the extent that the court placed the burden of proof on plaintiff without reference to the *Lust* presumption, the court did err. However, the defendant's affidavit, in which she indicated that she did not sign the Agreed Judgment or receive notice of the hearing, constitutes evidence proffered to overcome the *Lust* presumption. The more serious problem with the trial court's order is that we are unable to determine what facts, if any, it found.

Although defendant's affidavit raised the issues of whether defendant had proper notice and plaintiff engaged in fraud, the trial

court did not make necessary findings of fact, such as whether defendant authorized the entry of the judgment or received notice of any hearing thereon. The factual findings entered by the trial court are not sufficient to permit our review of the court's order. They are at most recitations of allegations and do not resolve the crucial factual issues. *See In re Green*, 67 N.C. App. 501, 505 n.1, 313 S.E.2d 193, 195 n.1 (1984) ("The requirement for appropriately detailed findings is . . . not a mere formality or a rule of empty ritual; it is designed instead 'to dispose of the issues raised by the pleadings and to allow the appellate courts to perform their proper function in the judicial system.' " (quoting *Coble v. Coble*, 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980)) (alteration in original)).

For these reasons, we must vacate the order and remand for further proceedings, including an evidentiary hearing if necessary, and a new order with appropriate findings of fact and conclusions of law. *See Andrews v. Peters*, 75 N.C. App. 252, 258-59, 330 S.E.2d 638, 642 (1985) (vacating order and remanding to trial court upon determination that the findings of fact were "not sufficient for a clear understanding of the basis of its decision" and observing that "the trial court's order is no more than a statement of its discretionary authority without detailing the factual basis for its decision"), *aff'd*, 318 N.C. 133, 347 S.E.2d 409 (1986).

With respect to defendant's assertion that the Texas court lacked personal jurisdiction over her, we note that, pursuant to the North Carolina Foreign Money Judgments Recognition Act, "[t]he foreign judgment shall not be refused recognition for lack of personal jurisdiction" under certain enumerated circumstances. N.C.G.S. § 1C-1805(a). Among the enumerated circumstances that may be relevant here are the following: "(2) The defendant voluntarily appeared in the proceedings . . . ; (3) The defendant, prior to the commencement of the proceedings, had agreed to submit to the jurisdiction of the foreign court with respect to the subject matter involved; [and] (4) The defendant was domiciled in the foreign state when the proceedings were instituted . . . ." *Id.*

Vacated and remanded.

Chief Judge EAGLES concurs.

Judge BRYANT dissents.

POOLE v. TAMMY LYNN CTR.

[151 N.C. App. 668 (2002)]

BRYANT, Judge, dissenting.

The majority vacates the order of the trial court on the grounds that the "findings entered by the trial court are not sufficient to permit our review of the court's order." I disagree and instead believe this Court should address the merits. It appears the trial court made sufficient findings of fact to clearly indicate the basis of its decision. The trial court essentially found *inter alia* that defendant was not provided with notice of hearing and an opportunity to be heard, and that plaintiff's judgment was void and did not comply with the laws of the state of Texas. Based on these and other findings the trial court concluded that "the State of North Carolina is not required to give full faith and credit to the [Texas] judgment." Therefore, I believe the findings of fact and conclusions of law are adequate to allow this Court to review the order of the trial court on the merits.