■ METROPOLITAN STEEL INDUSTRIES, INC., Appellant, v CITNALTA CONSTRUCTION CORP. et al., Respondents. [754 NYS2d 278] —Appeal from order, Supreme Court, New York County (Herman Cahn, J.), entered on or about February 6, 2002, granting the motion of defendant Citnalta Construction Corp. (Citnalta) for summary judgment dismissing the complaint, deemed, pursuant to CPLR 5501 (c), an appeal from the ensuing judgment, same court and Justice, entered on or about February 26, 2002, dismissing the complaint, the judgment unanimously affirmed, without costs.

Plaintiff's breach of contract claim was properly dismissed since it is undisputed that the parties were aware that there would be no binding agreement until their execution of a written subcontract, which never occurred (*see Scheck v Francis*, 26 NY2d 466, 469-470). Indeed, plaintiff's return of the proposed subcontract to Citnalta with significant modifications, including a change as to the price for its services, constituted a counteroffer, and, as such, a rejection of Citnalta's offer (*see Homayouni v Paribas*, 241 AD2d 375, 376).

Nor was there any basis to sustain plaintiff's claim for recovery in quantum meruit since there is no triable issue as to whether plaintiff performed the services in question with any reasonable expectation of compensation (*see Lehrer McGovern Bovis v New York Yankees*, 207 AD2d 256). Plaintiff was aware that its right to compensation for the work that was the subject of the proposed subcontract depended upon the execution of a written contract, and plaintiff never billed Citnalta

for any work. While plaintiff may have performed preparatory work in anticipation of and to facilitate a successful contract negotiation (*see Absher Constr. Corp. v Colin*, 233 AD2d 279), under the circumstances it could have had no expectation of payment, except pursuant to a written contract.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Saxe, Buckley and Friedman, JJ.