KYLE & ASSOCIATES, INC., Plaintiff v. THOMAS MAHAN, and MICHAEL AUTEN, Defendants

No. COA03-131

(Filed 18 November 2003)

**Judgments— foreign—certificate of authority—timeliness**

The trial court properly denied defendants' motion to strike a foreign judgment where plaintiff corporation received its certificate of authority to do business in North Carolina after defendant raised the issue, but before the North Carolina court considered the matter. The suggestion that the certificate of authority must

---

5 Ms. Sams does not argue any of the exceptions to Rule 3.7 are applicable.

be obtained prior to the trial in the foreign jurisdiction is not consistent with precedent. N.C.G.S. § 55-15-02(a).

Appeal by defendants from judgment entered 24 September 2002 by Judge Timothy L. Patti in Gaston County Superior Court. Heard in the Court of Appeals 29 October 2003.

*Arthurs & Foltz, by Douglas P. Arthurs, for plaintiff appellee.*

*Brown & Associates, P.L.L.C., by Donald M. Brown, Jr., for defendant appellants.*

McCULLOUGH, Judge.

This case arises out of a lawsuit originally filed in South Carolina in which the trial court in Gaston County, North Carolina, subsequently denied defendants' motion for relief from foreign judgment. The pertinent facts are as follows: A corporation organized in South Carolina, Kyle & Associates, Inc. (plaintiff), sued Thomas A. Mahan and Michael Auten (defendants) in South Carolina for money damages stemming from a business relationship. A South Carolina jury returned a verdict in favor of plaintiff and awarded it $350,000 on 24 June 1999.

After obtaining its judgment in South Carolina, plaintiff filed a notice of filing of foreign judgment in Gaston County and Davie County, North Carolina, and defendants received an affidavit of service. Defendants filed a notice of defenses and a motion for relief from foreign judgment in the Superior Courts of Gaston County and Davie County. At that time, defendants claimed that plaintiff was not authorized to enforce a judgment in the State of North Carolina.

Defendants appealed the judgment in South Carolina, but the decision of the trial court was affirmed. Once the judgment became final on 22 March 2002, plaintiff filed an affidavit of foreign judgment.

On 3 July 2002, the North Carolina Secretary of State's office issued a certificate of authority to plaintiff. During July of 2002, the parties attempted to obtain a hearing date, but both sides were unable to agree to a time. On 7 August 2002, defendant filed a notice to withdraw motion and reserved the right to refile at a later date. Two days later, defendants refiled their motion for relief from judgment. A hearing was held on 24 September 2002 in Gaston County Superior Court, and the Honorable Timothy L. Patti denied defendants' motion to strike the foreign judgment. Defendants appealed.

KYLE & ASSOCS., INC. v. MAHAN

[161 N.C. App. 341 (2003)]

On appeal, defendants argue that the trial court erred by denying the motion to strike a foreign judgment because plaintiff did not have a certificate of authority to do business in North Carolina at the time it obtained the foreign judgment. We disagree.

N.C. Gen. Stat. § 55-15-02(a) (2001) provides:

No foreign corporation transacting business in this State without permission obtained through a certificate of authority under this Chapter or through domestication under prior acts shall be permitted to maintain any action or proceeding in any court of this State unless the foreign corporation has obtained a certificate of authority prior to trial.

An issue arising under this subsection must be raised by motion and determined by the trial judge prior to trial.

Defendants argue that plaintiff was unable to enforce its judgment in North Carolina because it did not obtain a certificate of authority *before commencing trial in South Carolina.* Plaintiff responds by noting that it obtained a certificate of authority *prior to the hearing in North Carolina.* The question for this Court is whether the certificate of authority must be obtained before the hearing in the foreign jurisdiction or before utilizing the courts of North Carolina.

This Court has previously considered the statutory language at issue in this case and explained: "[A] foreign corporation or its successor or assignee may not maintain any action *in North Carolina* (including an action to enforce a foreign judgment) until the foreign corporation obtains a certificate of authority to do business here." *Leasecomm Corp. v. Renaissance Auto Care,* 122 N.C. App. 119, 121, 468 S.E.2d 562, 563-64 (1996) (emphasis added).[1] In other words, before a foreign corporation can utilize the courts of North Carolina, that corporation must get a certificate of authority prior to the hearing of the matter in North Carolina. In this case, since plaintiff obtained its certificate of authority on 3 July 2002 before the hearing on 24 September 2002 in North Carolina, we conclude that

1. *Leasecomm* stands for the proposition that a foreign corporation's failure to obtain a certificate of authority to do business in North Carolina precluded the corporation's assignee from maintaining an action to enforce the foreign judgment in North Carolina, even though the assignee was authorized to do business in North Carolina. This case does not help defendants because unlike the assignor corporation in *Leasecomm,* plaintiff in this case did receive a certificate of authority prior to the hearing in North Carolina.

plaintiff complied with the statutory requirements of N.C. Gen. Stat. § 55-15-02(a).

A recent decision of this Court also suggests that a certificate of authority may be obtained at any time before the hearing in North Carolina. In *Harold Lang Jewelers, Inc. v. Johnson,* the trial court dismissed the plaintiff's suit in North Carolina because the plaintiff was a Florida corporation that never obtained a certificate of authority to do business in North Carolina. 156 N.C. App. 187, 188, 576 S.E.2d 360, 361, *disc. review denied,* 357 N.C. 458, 585 S.E.2d 765 (2003). In upholding the decision of the trial court, this Court indicated that plaintiff's suit would not have been dismissed if plaintiff had obtained the certificate of authority before the North Carolina court considered the matter. *Id.* at 192, 576 S.E.2d at 363. We noted that Lang, the plaintiff, "could have obtained the certificate in the year and a half that passed between the filing of the [defendant's] motion and the court's dismissal of the case." *Id.*

In the case at bar, defendants' suggestion that the certificate of authority must be obtained prior to the trial in the foreign jurisdiction is not consistent with the ruling in *Johnson.* In fact, plaintiff in this case, Kyle & Associates, Inc., did exactly what the Court in *Johnson* suggested. It received a certificate of authority after defendant raised the issue, but before the North Carolina court considered the matter.

We have carefully reviewed the other arguments of the parties and find them to be without merit. Therefore, the trial court's denial of defendants' motion to strike a foreign judgment is affirmed.

Affirmed.

Judges TYSON and BRYANT concur.