IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA17-472

Filed: 7 November 2017

Currituck County, No. 06 SP 26

ATLANTIC COAST PROPERTIES, INC., A Delaware Corporation, Petitioner

v.

ANGERONA M. SAUNDERS and husband, ALGUSTUS O. SAUNDERS, JR., LUCY M. TILLETT, PATRICIA W. MOORE-PLEDGER, GENEVIVE M. GOODMAN, LYNETTE C. WINSLOW, and CARLTON RAY WINSLOW, Respondents

Appeal by petitioner from order entered 16 November 2016 by Judge Milton F. Fitch, Jr. in Currituck County Superior Court. Heard in the Court of Appeals 16 October 2017.

*Hornthal, Riley, Ellis & Maland, LLP, by M. H. Hood Ellis, for petitioner-appellant.*

*Nexsen Pruet PLLC, by Norman W. Shearin, for respondent-appellees.*

CALABRIA, Judge.

Where petitioner's petition failed to affirmatively aver its legal existence and capacity to sue, and petitioner challenged that fact neither at trial nor on appeal, the trial court did not err in entering summary judgment in favor of respondents. We affirm.

I. Factual and Procedural Background

On 7 April 2006, Atlantic Coast Properties, Inc. ("petitioner") filed a verified petition to partition a piece of real property in Currituck County. In this petition, petitioner alleged that it possessed a one-half undivided interest in the property, with

the remaining interests divided evenly between Edna May Winslow and Angerona Lovie Moore Saunders, each owning a one-quarter undivided interest. On 17 May 2006, Edna Winslow, Angerona Saunders, and her husband, Algustus O. Saunders, Jr., filed an answer alleging, *inter alia*, that they had been in actual and exclusive possession of the property for over twenty years, that they were its sole owners, that petitioner had no interest in the property, and that they further had exercised adverse possession, and adverse possession under color of title. They further alleged that if petitioner possessed any interest in the property, it acquired that interest as a result of constructive fraud and unfair and deceptive practices. Due to the nature of these counterclaims, the Clerk of Court granted a motion to transfer the action to superior court.

On 28 September 2007, Edna Winslow, Angerona Saunders, and Algustus Saunders moved for summary judgment. On 4 November 2013, the trial court entered a consent order substituting parties. Due to the death of Edna Winslow on 5 March 2013, her heirs at law were substituted as respondents. Thus, the caption was updated to list Lucy M. Tillett, Particia W. Moore-Pledger, Genevive M. Goodman, Lynette C. Winslow, and Carlton Ray Winslow, in addition to Angerona M. Saunders and Algustus O. Saunders, Jr., (collectively, "respondents") as respondents.

On 29 May 2014, the trial court granted respondents' motion for summary judgment. Petitioner appealed, and on appeal, this Court reversed, holding that

petitioner "forecasted sufficient evidence to create a genuine issue of material fact on the issue of whether W.G. Moore and his heirs recognized the title of their cotenants and defeated any claim of constructive ouster." *Atl. Coast Props., Inc. v. Saunders*, ___ N.C. App. ___, ___, 777 S.E.2d 292, 298 (2015), *aff'd per curiam,* 368 N.C. 776, 783 S.E.2d 733 (2016). The matter was remanded to the trial court.

On 16 October 2013, respondents filed a second motion for summary judgment.[1] In this motion, respondents alleged that petitioner was incorporated in Delaware on 26 October 2004; that petitioner's petition was filed on 31 March 2006, at a time when petitioner was not authorized to do business in North Carolina and therefore not a proper party to commence the proceeding; that petitioner was only issued a certificate of authority to do business in North Carolina on 16 August 2007; that on 13 March 2013, petitioner's corporate charter was suspended in Delaware due to tax delinquency; and on 15 May 2013, petitioner's certificate of authority in North Carolina was suspended for failure to comply with Department of Revenue requirements. Respondents therefore alleged that petitioner's conduct since its certificate of authority was suspended was null and void, and that petitioner was no longer a legal entity which could maintain the action. On 16 November 2016, the trial court granted respondents' motion, determining that:

> [Petitioner]'s corporate charter in the State of Delaware

---

[1] The motion for summary judgment includes reference to a motion to dismiss, purportedly filed by respondents on 30 September 2016. This motion to dismiss is absent from the record, and not properly before us.

was declared void on March 1, 2013, that [petitioner] and its registered agent, M. H[.] Hood Ellis, was sent a notification of revenue suspension from the North Carolina Department of the Secretary of State in May, 2013 which informed [petitioner] that "(a)ny act performed . . . during the period of suspension is invalid and of no effect"; and it further appearing to the Court that [petitioner]'s notice of appeal was filed and served on June 27, 2014 during the period of revenue suspension; and it also appearing to the Court that [petitioner] filed its petition herein prior to applying for a certificate of authority in the State of North Carolina and failed to plead its capacity to sue as required by Rule 9(a) of the Rules of Civil Procedure; and the Court takes judicial notice and concludes that the corporate charter of [petitioner] has been void in its state of incorporation since March 1, 2013, and that its certificate of authority has been suspended by the North Carolina Department of the Secretary of State since May 15, 2013 and not reinstated, and therefore any act performed by [petitioner] during the period of suspension from and after May 15, 2013 is invalid and of no effect, and [petitioner] does not have the capacity to maintain this action.

The trial court therefore dismissed the petition with prejudice.

Petitioner appeals.

## II. Summary Judgment

In its sole argument on appeal, petitioner contends that the trial court erred in granting summary judgment in favor of respondents. We disagree.

## A. Standard of Review

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of

law.' " *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)).

### B. Analysis

At the hearing on the summary judgment motion at issue, respondents alleged that the matter should be dismissed because petitioner lacked the capacity to maintain the suit. Respondents purportedly submitted uncertified copies of certificates to underscore their point. In response, petitioner alleged that the certificates were not certified or under seal, and the motion for summary judgment was not verified. Respondents replied that the certificates were public records, and that therefore there was no need to question their authenticity. Respondents nonetheless offered to have the documents certified. Respondents argued, however, that "[t]hat doesn't change the facts. It doesn't reinstate the corporate charter. It doesn't issue a certificate of authority, you know." Petitioner then approached the court with a procedural objection, contending that a suspended corporation may sue and continue to maintain a civil action. Petitioner apparently cited N.C. Gen. Stat. § 55A-14-06, which provides that "[d]issolution of a corporation does not: . . . [a]bate or suspend a proceeding pending by or against the corporation on the effective date of dissolution[.]" N.C. Gen. Stat. § 55A-14-06(b)(5) (2015). Respondents argued, however, that the statute dealt with domestic corporations where dissolution is filed, and petitioner was a foreign corporation which had suffered a revenue suspension.

Respondents further alleged that the initial petition failed to comply with Rule 9 of the North Carolina Rules of Civil Procedure, which requires a corporation to plead its capacity to sue. *See* N.C.R. Civ. P. 9(a). The trial court, noting petitioner's objections, granted respondents' motion in open court, and subsequently entered a written order.

On appeal, petitioner once more takes issue with the form of the documents presented to the trial court, arguing that the documents should not have been admitted upon summary judgment motion, that petitioner was not required to have a certificate of authority in order to own property, and that a North Carolina corporation suspended under the Revenue Act may nonetheless engage in continued litigation.

Petitioner argues, and we acknowledge, that certain deficiencies may be remedied prior to trial. N.C. Gen. Stat. § 55-15-02 specifically provides that "[n]o foreign corporation transacting business in this State . . . shall be permitted to maintain any action or proceeding . . . unless the foreign corporation has obtained a certificate of authority *prior to trial.*" N.C. Gen. Stat. § 55-15-02(a) (2015) (emphasis added). We have previously held that a corporate entity lacking a certificate of authority may rectify that situation at any time prior to trial. *See Harold Lang Jewelers, Inc. v. Johnson*, 156 N.C. App. 187, 192, 576 S.E.2d 360, 363 (2003) (holding that "Lang was aware that Johnson's motion was pending and could have obtained the certificate in the year and a half that passed between the filing of the motion and

the court's dismissal of the case"); *Kyle & Assocs., Inc. v. Mahan*, 161 N.C. App. 341, 344, 587 S.E.2d 914, 916 (2003) (where the plaintiff corporation "received a certificate of authority after defendant raised the issue, but before the North Carolina court considered the matter[,]" the plaintiff complied with N.C. Gen. Stat. § 55-15-02(a)), *aff'd per curiam,* 359 N.C. 176, 605 S.E.2d 142 (2004). Were petitioner's lack of a certificate the only thing preventing it from maintaining the action at issue, we recognize that petitioner could have remedied the matter by obtaining a certificate prior to trial. However, the lack of a certificate was not the only thing preventing petitioner from maintaining an action.

Tellingly, neither at trial nor on appeal has petitioner challenged the facts that its charter was suspended in Delaware, that its certificate of authority was suspended in North Carolina, nor that it failed to plead capacity to sue in its initial petition. Petitioner challenges the documents which allege these facts, but not the facts themselves. Any of the trial court's findings pertaining to these unchallenged facts are therefore binding upon this Court. *See Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991). Further, petitioner raises no argument on appeal with respect to the fact that it failed to allege capacity to sue pursuant to Rule 9. Because petitioner fails to raise this argument, it is deemed abandoned. *See* N.C.R. App. P. 28(b)(6) ("[i]ssues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned").

It is undisputed that petitioner failed to allege its capacity to sue. Rule 9 specifically mandates that "[a]ny party not a natural person shall make an affirmative averment showing its legal existence and capacity to sue[.]" N.C.R. Civ. P. 9(a). It is likewise undisputed that petitioner is a corporation, and thus a "party not a natural person[.]"

We have previously held that an affirmative averment of legal existence and capacity to sue is a prerequisite to standing for a non-person plaintiff. *See North Iredell Neighbors for Rural Life v. Iredell Cty.*, 196 N.C. App. 68, 75, 674 S.E.2d 436, 441 (2009) (where the plaintiff organization failed to make an affirmative averment of legal existence and capacity to sue, "[t]he trial court properly found that [the plaintiff organization] 'd[id] not have standing to bring suit in this matter[]' "). As such, we hold that petitioner's failure to plead its legal existence and capacity to sue failed to establish its standing to bring suit. The trial court therefore did not err in entering summary judgment in favor of respondents.

AFFIRMED.

Judge ARROWOOD concurs.

Judge DILLON dissents in a separate opinion.

DILLON, Judge, dissenting.

Petitioner is a Delaware corporation which purportedly owns an interest in certain real estate in North Carolina (the "Property") as a tenant in common. Petitioner, however, has been dissolved and does not have a certificate of authority to transact business in North Carolina from our Secretary of State.

Petitioner filed this special proceeding seeking a partition of the Property. The trial court granted summary judgment for Respondents, who argue that they are the sole owners of the Property. The trial court based its summary judgment order on its conclusion that Petitioner lacked the capacity to seek a partition because (1) it is a dissolved Delaware corporation without a certificate of authority to transact business in North Carolina and (2) it failed to plead its capacity to sue as required by Rule 9(a) of our Rules of Civil Procedure.

The majority affirms the order and reasoning of the trial court. However, because I believe that the law is clear that Petitioner does not need a certificate of authority to petition for a partition of its real estate and because I believe that Petitioner has not violated Rule 9(a), I respectfully dissent.

I. Certificate of Authority

The majority correctly explains that a foreign corporation does not need a certificate of authority to maintain a proceeding in our courts if it is not "transacting business" in North Carolina. Here, Petitioner argues that it is not "transacting business" in North Carolina and therefore does not need a certificate of authority in

order to petition the trial court to partition the Property.  I agree.  Specifically, the only activities Petitioner engages in within our State are (1) that it purportedly owns an interest in the Property, and (2) it has brought this proceeding to partition the Property.  Our General Assembly has expressly held that a foreign corporation is not considered to be "transacting business" for purposes of requiring a certificate of authority "by reason of . . . [o]wning, without more, real or personal property," N.C. Gen. Stat. § 55-15-01(b)(11) (2015), or "by reason of . . . [m]aintaining or defending any action or suit[.]" N.C. Gen. Stat. § 55-15-01(b)(1).[2]  Therefore, Petitioner does not need a certificate of authority issued by our Secretary of State to maintain this special proceeding.

Further, I believe that the fact that Petitioner is dissolved does not change the result.  Our General Assembly has provided that a dissolved corporation may still dispose of its properties, N.C. Gen. Stat. § 55-14-05(a)(2) (2015); it may do every other act necessary to wind up and liquidate its assets, N.C. Gen. Stat. § 55-14-05(a)(5); and it is not otherwise prevented from commencing a proceeding in its corporate name, N.C. Gen. Stat. § 55-14-05(b)(5).  And our Supreme Court has held that a foreign corporation has the authority to deal with its real property in the same

---

[2] If Petitioner is successful in obtaining a partition, it may be that Petitioner will, one day in the future, sell its portion of the Property.  However, even the Petitioner's act of selling the Property is not considered "transacting business" for purposes of Chapter 55.  *See* N.C. Gen. Stat. § 55-15-01(b)(9) ("Transacting business" does not include "[c]onducting an isolated transaction completed within a period of six months and not in the course of a number of repeated transactions of like nature[.]").

2

manner as a North Carolina corporation. *See Barcello v. Hapgood*, 118 N.C. 712, 729, 24 S.E. 124, 126 (1896) ("The general rule is that foreign corporations may acquire real and personal property such as a tract of land . . . , like domestic corporations[.]").

II. Rule 9(a) of the N.C. Rules of Civil Procedure.

Rule 9(a) of our Rules of Civil Procedure requires that "[a]ny party not a natural person shall make an affirmative averment showing its legal existence and capacity to sue." Here, Petitioner alleged that it was a Delaware corporation, but otherwise did not allege that it had engaged in any activity other than owning real estate. Therefore, for the reasons stated in the prior section, I do not believe that Petitioner was required to aver that it had not been dissolved or had obtained a certificate of authority to transact business in North Carolina. Indeed, the General Assembly has provided that dissolved corporations are not prevented from suing in their own name. N.C. Gen. Stat. § 55-14-05(b)(5). Accordingly, I believe that summary judgment on the basis of a failure to comply with Rule 9(a) was error.

For the foregoing reasons, my vote is to reverse the order of summary judgment.